**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

RICHARD S. PALMER,              :
                                     Civil Action No. 04-5895 (RBK)
        Petitioner,           :

        v.                    :    **OPINION**

FEDERAL BUREAU OF PRISONS,    :
et al.,
        Respondents.          :


**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u>: | Counsel for Respondents: |
| Richard S. Palmer | Dorothy J. Donnelly |
| #32104-013 | Asst. U.S. Attorney |
| FCI Fort Dix Camp | 402 East State Street |
| P.O. Box 1000 | Room 430 |
| Fort Dix, NJ 08640 | Trenton, NJ 08608 |

**KUGLER**, District Judge

Petitioner Richard S. Palmer, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

In July 2004, Petitioner pleaded guilty to one count of money laundering and one count of bankruptcy fraud in the U.S. District Court for the District of Colorado.  On August 20, 2004, Petitioner was sentenced to a term of imprisonment of 24 months.  On October 4, 2004, Petitioner began his term of imprisonment by self reporting to the Federal Correctional Institution at Fort Dix, New Jersey, where he remains confined.

On October 19, 2004, the administrative staff at F.C.I. Fort Dix provided to Petitioner a Sentence Monitoring Computation Data Form which details a projected release date of June 30, 2006, and a pre-release preparation date of April 29, 2006.  The pre-release preparation date is the first date Petitioner would be considered for pre-release transfer to a Community Corrections Center pursuant to 18 U.S.C. § 3624(c) (relating to pre-release programming)

On February 1, 2005, Respondents filed their Answer to the Petition, arguing inter alia that during the pendency of this litigation the Bureau of Prisons had promulgated new regulations governing pre-release transfers to Community Corrections Centers, which will govern Petitioner's pre-release planning, rather than the challenged December 2002 policy.  See 28 C.F.R. §§ 570.20, 570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005).

Petitioner has not filed any Reply in support of his Petition, nor has he sought leave to file an amended petition challenging the new regulations.

## II.   ANALYSIS

This Court has previously held that the BOP December 2002 policy is invalid.  See Cestaro v. DeRosa, Civil Action No. 04-cv-0792(RBK) (D.N.J. July 5, 2004).  It is apparent, however, that the December 2002 policy will not govern the pre-release planning for Petitioner, who was already confined on February 14, 2005, the effective date of the new BOP regulations.  See 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.

                                        S/Robert B. Kugler
                                        Robert B. Kugler
                                        United States District Judge

Dated: August 22, 2005